UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE VALVOLINE COMPANY,
A DIVISION OF ASHLAND, INC.

    *Plaintiff,*

v

    Civil Action No.
    Hon.

VETERANS OIL & LUBE,

    *Defendant.*

---

Dale R. Burmeister (P29342)
HARVEY KRUSE, P.C.
1050 Wilshire Drive, Suite 320
Troy, Michigan 48084
(248) 649-7800

---

# COMPLAINT

## COMMON ALLEGATIONS

1. Plaintiff, The Valvoline Company, a division of Ashland Inc., is, and was at all times pertinent to this litigation, a Kentucky corporation with its principal place of business in Kentucky.

2. Defendant, Veterans Oil & Lube, is a Michigan Corporation doing business at 50 South Street, Belleville, Michigan 48111.

3. The jurisdiction of this Court rests upon the ground that this is a civil action arising under the trademark laws of the United States under the Trademark Act of July 5, 1946, 15 USC §§ 1051, et seq.

4. For many years, Plaintiff has been manufacturing and selling oil products that have unique and distinctive qualities.

5. For many years, Plaintiff has been and is now using the trade and service marks identified below, either alone or in conjunction with other distinctive marks.

6. Plaintiff's said trademarks are registered in the United States Patent Office as follows:

| No. | Registration Date | Mark |
|---|---|---|
| 1,601,798 | June 19, 1990 | Valvoline® |
| 1,955,557 | Feb. 13, 1996 | V® |
| 3091037 | Jan. 6, 2004 | Maxlife® |
| 2137327 | Nov. 25, 1997 | Durablend® |
| 2820051 | Mar. 2, 2004 | Synpower® |

7. Since receiving these trade and service marks from the United States Patent Office, Plaintiff has expended large sums of money in advertising and making known to the public throughout the United States and the world its products bearing these trademarks, either alone or in conjunction with other distinctive words and marks.

8. By reason of the high quality of Plaintiff's products bearing these trademarks, and by reason of the extensive advertising and sale of such products, these trademarks and service marks have come to mean and be understood throughout the United States, including in Michigan, as marks that the goods that can be purchased at the establishment displaying same are distinguishable from other goods of the same class and the public has come to recognize products bearing those trade and service marks as originating with Plaintiff.

9. Defendant is not a current licensee or franchisee of Plaintiff.

**COUNT I – TRADE MARK INFRINGEMENT**

11. Paragraphs 1 through 10 are incorporated herein to the same extent and in the same manner as if repeated in their entirety.

**HARVEY KRUSE**
ATTORNEYS & COUNSELORS   A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

12. Defendant, knowing well the rights of Plaintiff in these trade and service marks, and with intent to trade upon the good will of Plaintiff, has adopted and is using these trade and service marks.

13. Defendant has adopted and is using these trade and service marks for the purpose of selling and enticing sales of non-Valvoline product in Michigan.

14. The use by Defendant of the trade and service marks in conjunction with its sale of other products is and has led to confusion and mistakes or to deception of purchasers as to the origin of such goods.

15. Defendant is also using Plaintiff's trade and service marks to attract potential customers based on Plaintiff's reputation not only for quality products, but also for superior service and quality control at stores or outlets that sell and install Valvoline products.

16. While Defendant wrongfully uses the trade and service marks of Plaintiff to entice potential customers, Plaintiff has absolutely no control over Defendant's present or future service techniques, warranties and the like, causing immediate as well as foreseeable harm to Plaintiff's good name and reputation.

17. Defendant's use of these marks constitute acts of infringement.

18. Despite Plaintiff's repeated demands that Defendant cease and desist from its infringement, Defendant has refused to discontinue the use of the name and marks of Valvoline in connection with its business and has continued to violate the rights of Plaintiff, to mislead the public, and to trade unfairly upon Plaintiff's reputation and good will.

19. Defendant's acts of infringement have caused and will result in further irreparable injury to Plaintiff and its trade and service marks if Defendant is not restrained by this Court from further violations of Plaintiff's rights and Plaintiff has no adequate remedy at law.

20. Defendant's use of these marks constitutes a clearcut violation of 15 USC § 1114(1).

WHEREFORE, Plaintiff respectfully prays that this Honorable Court permanently enjoin Defendant from the use Plaintiff's trade and service marks as identified above; award, pursuant to 15 USC § 1117:

(a) all profits of Defendant;

(b) costs of suit;

(c) Plaintiff's attorney's fees;

(d) all damages suffered by Plaintiff; and

(e) treble the damages suffered by Plaintiff because of the deliberate acts of infringement and unfair competition.

## COUNT II – UNFAIR COMPETITION

21. Paragraphs 1 through 20 are incorporated herein to the same extent and in the same manner as if herein repeated in their entirety.

22. The use of Plaintiff's marks identified above constitutes a knowing and willful passing off and deception upon the citizens of Michigan.

23. The actions described above by Defendant constitute unfair competition in the trade by reason of Defendant's use of Plaintiff's marks.

24. These acts of unfair competition have caused and are continuing to cause irreparable injury to the reputation of Plaintiff which it has established over many, many years and unless the use of same is restrained, Defendant will continue these acts to the detriment of Plaintiff and the consuming public.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court permanently enjoin Defendant from the use Plaintiff's trade and service marks as identified above; award, pursuant to 15 USC § 1117:

(a) all profits of Defendant;

(b) costs of suit;

**HARVEY KRUSE**
ATTORNEYS & COUNSELORS   A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526   248-649-7800

(c)  Plaintiff's attorney's fees;

(d)  all damages suffered by Plaintiff; and

(e)  treble the damages suffered by Plaintiff because of the deliberate acts of infringement and unfair competition.

CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been electronically filed with the Clerk of the court via the Electronic Case Filing System.

/s/ Dale R. Burmeister
Dale R. Burmeister

Dated: January 15, 2013

Respectfully submitted,

HARVEY KRUSE, P.C.

/s/ Dale R. Burmeister
Dale R. Burmeister (P29342)
Attorney for Plaintiff
1050 Wilshire Drive, Suite 320
Troy, Michigan 48084-1526
(248) 649-7800
dburmeister@harveykruse.com

HARVEY KRUSE
ATTORNEYS & COUNSELORS    A PROFESSIONAL CORPORATION
1050 WILSHIRE DRIVE, SUITE 320, TROY, MICHIGAN 48084-1526  248-649-7800

5